UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MASAYUKI AGURO,

    Plaintiff,

    v.

JEANNE WOODFORD, Director of Corrections, et al.,

    Defendants.

_____/

No. C 05-5296 PJH

**STAY ORDER;
ADMINISTRATIVE CLOSURE**

Petitioner, a California prisoner currently incarcerated at Corcoran State Prison, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Although petitioner appears to have filed his petition pro se, he is currently represented by counsel. Petitioner has paid the filing fee.

Venue is proper in this court, as the conviction was obtained in Santa Clara County, which is in this district. See 28 U.S.C. § 2241(d).

## **BACKGROUND**

Petitioner was convicted by a Santa Clara County judge of thirteen counts of lewd acts with a minor. He was sentenced to twenty-six years in prison. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal, and the Supreme Court of California denied review. Petitioner has also filed a state habeas petition to raise additional issues, which petition is pending. Petitioner asks the court to stay the instant case pending exhaustion of his state habeas petition.

## **DISCUSSION**

A.    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person

in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. at § 2243.

B. Legal Claims

As grounds for federal habeas relief, petitioner asserts: (1) that his conviction and sentence for thirteen counts of violations of California Penal Code section 288(a) violated the extradition treaty between the United States and Japan; (2) that his Fifth, Sixth, and Fourteenth Amendment rights were violated in that his waivers of a jury trial and other procedural rights were not knowing, intelligent, and/or voluntary; (3) that he was denied due process and effective assistance of counsel when his trial counsel: (a) induced petitioner to waive his constitutional rights by entering into a "slow plea" pursuant to People v. Bunnell, 13 Cal. 3d 592 (1975); (b) failed to raise as error on appeal the trial court's admission of petitioner's confession, which was procured in violation of his Fifth Amendment rights; (c) failed to litigate the prosecution's failure to produce the original tape recording of petitioner's confession; (d) failed to adequately investigate and present evidence that the minor witnesses' testimony was false and the product of undue influence; and (e) failed to allow petitioner to testify on his own behalf at trial; (4) that he was denied his Fifth Amendment rights because he was never advised of his Miranda rights prior to giving a confession; (5) that his confession was obtained outside the presence of a lawyer despite petitioner's repeated requests for a lawyer, in violation of his Fifth Amendment rights; (6) that his confession was involuntary and coerced in violation of the Fifth Amendment; and (7) that his Sixth Amendment rights were violated when the prosecution failed to provide exculpatory evidence.

These claims are cognizable, but petitioner concedes that all except for claim one

are not exhausted. He asks that the case be stayed pending exhaustion, and notes that he is presently pursuing the unexhausted claims in the state court system.

The United States Supreme Court has recently held that district courts have authority to stay mixed petitions to allow for exhaustion. See Rhines v. Webber, 125 S. Ct. 1528, 1535 (2005). However, such stays can only be granted upon a showing of good cause for petitioner's failure to exhaust the issues before filing the federal petition, and a showing that the issues which the petitioner proposes to exhaust are "potentially meritorious." Id.

With respect to good cause, petitioner alleges that once the remaining claims are exhausted, the window in which he has to file his federal petition is extremely narrow – approximately ten days – and that absent a stay, any small delay in notification to petitioner may result in the forfeiture of his rights under AEDPA. These allegations are sufficient. Moreover, petitioner's claims are "potentially meritorious," in that they present colorable federal claims.

Accordingly, the stay will be granted.

## **CONCLUSION**

For the foregoing reasons, petitioner's request for a stay (page 5-1) is GRANTED, and the case is hereby STAYED to allow petitioner to present his unexhausted claims in state court. If petitioner is not granted relief in state court, he may return to this court and ask that the stay be lifted. The stay is subject to the following condition:

1. Petitioner must notify this court within thirty days after the state courts have completed their review of his claims or after they have refused review of his claims.

If this condition of the stay is not satisfied, this court may vacate the stay and act on this petition. See Rhines, 125 S. Ct. at 1535 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back").

3

1  The clerk shall administratively close this case.  The closure has no legal effect; it is
2 purely a statistical matter.  The case will be reopened and the stay vacated upon
3 notification by petitioner in accordance with the condition noted above.

4  Petitioner is reminded that all communications with the court must be served on
5 respondent by mailing a true copy of the document to respondent's counsel.  Petitioner
6 must keep the court informed of any change of address and must comply with the court's
7 orders in a timely fashion.  Failure to do so may result in the dismissal of this action for
8 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  See Martinez v.
9 Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

11 **IT IS SO ORDERED.**

12 Dated: April 5, 2006

13 _____
PHYLLIS J. HAMILTON
United States District Judge

United States District Court
For the Northern District of California

4