UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MASAYUKI AGURO,

    Petitioner,

    v.

JEANNE WOODFORD, Director of Corrections, et al.,

    Respondents.
_____/

No. C 05-5296 PJH

**ORDER TO SHOW CAUSE; ORDER ADMINISTRATIVELY RE-OPENING CASE**

On April 5, 2006, the court issued a stay order in response to petitioner's request for stay and abatement of the instant petition, pending state exhaustion of several of the claims raised in the petition. The court's order also administratively closed the case, and ordered petitioner to notify the court within 30 days of the completion of state court review of petitioner's claims.

On September 15, 2006, petitioner duly filed a Notice of Exhaustion of State Remedies, apprising the court that the California Supreme Court has completed review of petitioner's previously unexhausted claims and issued a one-line denial of petitioner's state habeas petition. Accordingly, the court hereby lifts the stay previously entered in this case, administratively re-opens the matter, and further instructs the parties as follows.

## **BACKGROUND**

Petitioner is a California prisoner currently incarcerated at Corcoran State Prison, who has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a Santa Clara County judge of thirteen counts of lewd acts with a minor. He was sentenced to twenty-six years in prison. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal, and the Supreme Court of

California denied review. Petitioner also filed a state habeas petition to raise additional issues, which petition was denied by the California Supreme Court on August 16, 2006.

## DISCUSSION

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. at § 2243.

B. Legal Claims

As grounds for federal habeas relief, petitioner asserts: (1) that his conviction and sentence for thirteen counts of violations of California Penal Code section 288(a) violated the extradition treaty between the United States and Japan; (2) that his Fifth, Sixth, and Fourteenth Amendment rights were violated in that his waivers of a jury trial and other procedural rights were not knowing, intelligent, and/or voluntary; (3) that he was denied due process and effective assistance of counsel when his trial counsel: (a) induced petitioner to waive his constitutional rights by entering into a "slow plea" pursuant to People v. Bunnell, 13 Cal. 3d 592 (1975); (b) failed to raise as error on appeal the trial court's admission of petitioner's confession, which was procured in violation of his Fifth Amendment rights; (c) failed to litigate the prosecution's failure to produce the original tape recording of petitioner's confession; (d) failed to adequately investigate and present evidence that the minor witnesses' testimony was false and the product of undue influence; and (e) failed to allow petitioner to testify on his own behalf at trial; (4) that he was denied his Fifth Amendment rights because he was never advised of his Miranda rights prior to giving a confession; (5) that his confession was obtained outside the presence of a lawyer despite

2

petitioner's repeated requests for a lawyer, in violation of his Fifth Amendment rights; (6) that his confession was involuntary and coerced in violation of the Fifth Amendment; and (7) that his Sixth Amendment rights were violated when the prosecution failed to provide exculpatory evidence.

These claims are sufficient to require a response.

## **CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The court hereby lifts the previous stay entered in this case on April 5, 2006, and orders that the case be administratively re-opened.

2. The clerk shall serve by regular mail a copy of this order and the petition on respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner and petitioner's counsel.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. Respondent shall also include all briefs and any record filed before the California Supreme Court in connection with petitioner's state habeas petition, which was denied on August 16, 2006.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply

1  within fifteen days of receipt of any opposition.

3  **IT IS SO ORDERED.**

4  Dated: September 25, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge