United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MASAYUKI AGURO,

    Petitioner,

v.

JEANNE WOODFORD, Director of Corrections, et al.,

    Respondents.
_____/

No. C 05-5296 PJH

**ORDER RE: REQUEST FOR EXTENSION OF TIME**

    Before the court is petitioner's application for an extension of time to file a request for an evidentiary hearing and/or a request to expand the habeas record. Habeas L.R. 2254-7 provides that a request for an evidentiary hearing shall be made within 15 days from the filing of the traverse. Thus, the deadline for filing his request was May 14, 2007. In the declaration filed in conjunction with his application, petitioner has provided good cause for a thirty-day extension of time based primarily on his counsel's schedule. Accordingly, the request is GRANTED, and the request for an evidentiary hearing shall be filed no later than June 13, 2007.

    However, petitioner's application for an extension of time to request expansion of the record requires a different analysis. The local rule pertaining to evidentiary hearings does not apply to expansion of the record and there is no other rule that permits the filing of a request to expand the record at this late date. Typically, requests to expand the record are filed prior to or during the course of briefing, which permits the parties to address issues arising from the newly expanded record. This case, which was filed on December 21,

2005, is already fully briefed. Expansion of the record now would very likely require supplemental or re-briefing by the parties. Although petitioner has shown good cause to extend the deadline for filing his request for an evidentiary hearing by thirty days, he has not shown good cause for additional time to file a request to expand the record, a request that should have been made before the completion of briefing. Although the court is unaware of a particular rule or standard that governs exactly when a request to expand must be made, the court finds that given the status of this case, at a minimum petitioner must at least identify the evidence that he seeks to add and must establish that he acted diligently. In other words he must show that the evidence with which he seeks to expand the record could not have been discovered, even through the exercise of due diligence, before his May 14, 2007 request for a further extension of time within which to request to expand. 28 U.S.C. 2254(e)(2)(A)(ii). In order to succeed on his expansion request, petitioner would ultimately have to make the showing required by the other provisions of 2254(e)(2). *See Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241-42 (9th Cir. 2005) (concluding that requirements of 28 U.S.C. § 2254(e)(2), which governs evidentiary hearings, applies to requests to expand the record under Habeas Rule 7).[1]

Accordingly, the court GRANTS petitioner's application for an extension of time to file his request for an evidentiary hearing pursuant to Habeas L.R. 2254-7, but DENIES

---

[1]AEDPA's section 2254(e)(2), governing evidentiary hearings, provides:

> If the applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing unless the applicant shows that:
>
> (A) the claim relies on–
>
>   (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>   (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; *and*
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

without prejudice, petitioner's application for an extension of time to file a request to expand the record.

**IT IS SO ORDERED.**

Dated: May 17, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge