UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MASAYUKI AGURO,

    Petitioner,

    v.

JEANNE WOODFORD, Director
of Corrections, et al.,

    Respondents.
_____/

No. C 05-5296 PJH

**ORDER GRANTING CERTIFICATE OF APPEALABILITY**

    This is a habeas case under 28 U.S.C. § 2254 filed by state prisoner Masayuki Aguro ("Aguro"). On April 22, 2008, this court denied Aguro's habeas petition on the merits. Aguro filed a notice of appeal and a request for a certificate of appealability ("COA") on May 21, 2008.

    To obtain a COA, Aguro must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward. "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Section 2253(c)(3) requires a court granting a COA to indicate which issues satisfy the COA standard.

    Although Aguro raised eleven claims in his petition (which actually included seven claims, one of which was comprised of five sub-claims alleging ineffective assistance of counsel), he requests a COA as to only one of the claims. He requests the COA as to his

claim that his conviction and sentence violated the extradition treaty between the United States and Japan.  Aguro, however, also requests a COA regarding the court's denial of his request for an evidentiary hearing.  However, the court notes that Aguro's request for an evidentiary hearing was related to seven of his eleven substantive claims, including:

(1) that his Sixth Amendment rights were violated when the prosecution failed to provide exculpatory evidence;

(2) that his Fifth, Sixth, and Fourteenth Amendment rights were violated because his waiver of rights was not knowing, intelligent, and/or voluntary; and

(3) that he was denied due process and effective assistance of counsel when his trial counsel:

    (a) induced him to waive his constitutional rights by entering into a *Bunnell* plea;

    (b) failed to raise as error on appeal the trial court's admission of his confession, which was procured in violation of his Fifth Amendment rights;

    (c) failed to litigate the prosecution's failure to produce the original tape recording of petitioner's confession;

    (d) failed to adequately investigate and present evidence that the victims' testimony was false and the product of undue influence; and

    (e) failed to allow petitioner to testify on his own behalf at trial.

Accordingly, even though Aguro is not requesting a COA as to the above seven claims in and of themselves, they are relevant to his request for an evidentiary hearing, for which he requests a COA.  That is because, in denying Aguro's request for an evidentiary hearing, this court was required to consider "whether such a hearing could enable [Aguro] to prove the petition's factual allegations," and whether "the record refute[d] [Aguro's] factual allegations or otherwise preclude[d] habeas relief."  *Schriro v. Landrigan*, 127 S.Ct. 1933, 1940 (2007).

The court finds that the two issues for which Aguro requests a COA meet the requisite standard and accordingly GRANTS the COA as to:

(1) Whether Aguro's conviction and sentence violated the extradition treaty between the United States and Japan; and

(2) whether Aguro was entitled to an evidentiary hearing on the above seven

claims.

*See generally Miller-El v.Cockrell*, 537 U.S. 322 (2003).

Accordingly, the clerk shall forward the file, including a copy of this order, to the Court of Appeals.  *See* Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

**IT IS SO ORDERED.**

Dated: May 30, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge